IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN C. DEPP II, JEFF BECK, and DEUCE MUSIC LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BRUCE JACKSON, <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT FOR:** <br><br> **DECLARATORY JUDGMENT OF NON-INFRINGEMENT UNDER DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 et seq.** |

Plaintiffs John C. Depp II, Jeff Beck, and Deuce Music Ltd. (collectively, "Plaintiffs") complain and allege against Defendant Bruce Jackson ("Jackson" or "Defendant") as follows.

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the copyright laws of the United States, Title 17 of the United States Code.

2. Plaintiffs seek a declaratory judgment of non-infringement of alleged copyrights asserted against them by Defendant as part of an old-fashioned shakedown. The assertion centers around a poem or "toast" entitled "Hobo Ben,"[1] which is part of an oral tradition passed down for generations and performed by an unidentified individual referred to as "Slim Wilson." Slim Wilson's oral recitation of "Hobo Ben" was copied and transcribed by Defendant in a book

---

[1] The "Hobo Ben" work has been publicly referred to alternatively as a "poem" or "toast." For purposes of consistency, it will be referred to as a "toast" throughout the Complaint.

entitled "*Get Your Ass in the Water and Swim Like Me*" (the "GYA Book"), recorded by Defendant and included in a companion LP and CD.

3. Defendant has asserted that Plaintiffs have infringed Defendant's alleged copyrights by way of a song entitled "Sad Motherfuckin' Parade" ("SMP") performed and recorded by Messrs. Depp and Beck. Plaintiffs, however, have not copied or misappropriated any material in which Defendant owns copyrights. In fact, Defendant does not own any copyrights in the "Hobo Ben" toast, which he merely copied and transcribed, has been publicly available for years, consists of the work of unidentified others, and for which any rights that do exist have never been assigned to Defendant. As a result, Plaintiffs further seek a declaratory judgment that the Defendant does not own any alleged copyrights in the "Hobo Ben" toast, and that the work at issue is in the public domain.

4. Defendant has created an actual, substantial, and immediate controversy by threatening litigation over alleged copyright infringement and by demanding that Plaintiffs cease and desist in lawful behavior. Defendant's threats have created an actual, substantial, and immediate controversy over the alleged copyrights, and Plaintiffs seek judicial declarations confirming that their conduct is lawful and appropriate.

**THE PARTIES**

6. Plaintiff John C. Depp II is an individual domiciled in Los Angeles, California.

7. Plaintiff Jeff Beck is an individual domiciled in Wadhurst, England.

8. Plaintiff Deuce Music Ltd. is an English limited company with a principal place of business located at Elsley Court, 20-22 Great Titchfield Street, London W1W 8BE, England.

9. Upon information and belief, Defendant Bruce Jackson is a resident of the State of New York.

## JURISDICTION AND VENUE

10. This action arises under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

11. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12. Plaintiffs are informed and believe, and on that basis allege, that this Court has personal jurisdiction over Defendant because Defendant resides in the State of New York and this judicial district; conducts business within the State of New York and this judicial district; Defendant has caused his books and recordings to be advertised, promoted, and sold in the State of New York and this judicial district; and Defendant has sufficient minimum contacts with the State of New York through his business and activities offered or conducted in the State of New York such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs conduct business, have customers, and have performed within the State of New York and this judicial district; Defendant resides and conducts business within the State of New York and this judicial district; and Defendant has caused his books and recordings to be advertised, promoted, and sold to consumers in the State of New York and this judicial district.

**FACTUAL BACKGROUND**

**PLAINTIFFS AND THE "SMP" SONG**

14. Plaintiff Mr. Depp is a renowned American actor who has appeared and starred in countless independent and blockbuster movies and television series, including *Edward Scissorhands*, *Charlie and the Chocolate Factory*, *21 Jump Street, Pirates of the Caribbean*, and *Fear and Loathing in Las Vegas*, amongst many others. He has received numerous accolades for his acting including a Golden Globe Award, a Screen Actors Guild Award, three Academy Award nominations, and two BAFTA awards. Mr. Depp's talents go well beyond being one of the world's biggest film stars, though, and he is also an accomplished musician, having formed his own bands and having collaborated with some of rock music's biggest stars.

15. Plaintiff Mr. Beck is considered one of the greatest guitarists of all time, rising to prominence with the English rock band the Yardbirds in the 1960s before going on to record with many of the biggest music acts in the world. Named "one of the most influential lead guitarists in rock [music]," Mr. Beck is no stranger to accolades himself, having received a Grammy Award for "Best Rock Instrumental Performance" six times, a Grammy Award for "Best Instrumental Pop Performance" once, and having been inducted into the Rock and Roll Hall of Fame not once but twice.

16. In 2019, Messrs. Depp and Beck began collaborating musically first with the release of a cover of a John Lennon song called "Isolation" and then appearing onstage together several times during music shows beginning on May 30, 2022, in the U.K. On July 15, 2022, the duo released their first joint album entitled "18," which contains the SMP song.

## THE "HOBO BEN" TOAST AND DEFENDANT JACKSON

17. The origins and creation of the "Hobo Ben" poem are unclear. As Defendant wrote in his GYA Book: "By saying the toasts are poems from oral tradition, I mean they may have had *a number of authors rather than just one*, or, to put it another way, various audiences have had an opportunity to modify the points or parts they didn't much like. The process of modification may have occurred over a considerable number of years, by different hands at different times." (GYA Book, pp. viii-ix) (emphasis added).

18. Upon information and belief, sometime in the 1960s Defendant met a federally incarcerated character pseudo-named "Slim Wilson" – who may have actually been named Willy or Willie Davis – who apparently shared many stories and poems from his life with Defendant. During one of their meetings in federal prison, Defendant recorded Mr. Wilson reciting the "Hobo Ben" toast.

19. But even Mr. Wilson, whoever he may have been, was not the author of the "Hobo Ben" toast, as explained by Defendant in his book as follows: "Slim hoboed, as did his father, *from whom he learned this toast*" (GYA Book, p. 98) (emphasis added). Defendant also wrote about Mr. Wilson: "From his father he learned #19, 'Hobo Ben,' #32, 'The Pimp,' and many other toasts. We used to sit around, we used to have parties at the house with the company there and they used to go just backwards and forwards with them." (GYA, p. 9).

20. Upon information and belief, later in 1974 Defendant published the GYA Book, which included a word-for-word transcription of the "Hobo Ben" poem that Defendant had purportedly heard Mr. Wilson recite.

21. After publication of the GYA book, Defendant also transcribed and recorded an LP and CDs of the same title, again copying the "Hobo Ben" toast word-for-word.

22. What is clear about the origins and creation of the "Hobo Ben" toast is that it was not created or written by Defendant. What is also clear is that Defendant owns no copyrights in the "Hobo Ben" toast and, if any copyrights do exist in it, they were never assigned or otherwise transferred to Defendant.

**DEFENDANT BASELESSLY ACCUSES PLAINTIFFS OF INFRINGEMENT OF COPYRIGHTS THAT DO NOT EXIST AND/OR THAT HE DOES NOT OWN**

23. By letters dated August 15, 2022, and August 30, 2022 (the "Demand Letters"), Defendant Jackson alleged that Defendant owns copyrights in the GYA book and subsequent recordings. Notably, Defendant did not allege, nor could he, that he owned copyrights in the "Hobo Ben" toast itself but only "the only known authorized transcription and recording of 'Hobo Ben.'"

24. Defendant further alleged in the Demand Letters that "nearly every single word" in the "SMP" song "is copied from 'Hobo Ben' including the title." Defendant also alleged that "[e]ssentially every word and line, inflection, tonality, and rhythm in the 'Sad Motherfuckin' Parade' vocal track is taken from 'Hobo Ben.'"

25. Finally, Defendant alleged that Plaintiffs sampled his recording of the "Hobo Ben" toast "to construct portions of the vocal track" in the SMP song. Defendant mistakenly concluded that all of the foregoing constituted infringement of *his* copyrights.

26. Contrary to Defendant's allegations, Defendant *owns no copyrights* in the words to the "Hobo Ben" toast, and his own copying of the toast into his book and subsequent recordings did not create any copyrights in those words. In fact, as part of a "folklore" or "oral

tradition" apparently passed down for generations as Defendant himself explained in his GYA Book, it is not clear at all that *anyone* owns copyrights to the words of the "Hobo Ben" toast.

27. Moreover, and again contrary to Defendant's allegations, Plaintiffs did not sample any portions whatsoever from the recordings of the "Hobo Ben" toast into the SMP song.

28. In sum, Plaintiffs have not infringed any of Defendant's purported copyrights.

## CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT BY PLAINTIFFS

29. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 28 of this Complaint as if fully set forth here.

30. This claim arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

31. There is a real, immediate, substantial, and justiciable controversy between Plaintiffs and Defendant concerning whether the lyrics and certain sound content of Plaintiffs' SMP song infringes any copyrights Defendant purportedly owns or that even exist in the "Hobo Ben" toast. Plaintiffs face both irreparable harm in reputation and financial losses if Defendant files a lawsuit for copyright infringement as a result of Plaintiffs' creation and performance of the SMP song, or even if Defendant continues alleging that Plaintiffs' conduct infringes Defendant's purported copyrights.

32. This controversy is amenable to specific relief through a declaration of noninfringement, which would clarify the rights and legal relations of the parties concerning the ongoing and future conduct.

33. Defendant does not own any valid and enforceable copyrights in the "Hobo Ben" toast. The words of the "Hobo Ben" toast are not copyrightable subject matter under 17 U.S.C. § 102. The "Hobo Ben" toast as transcribed in Defendant's book and subsequent recordings are not original works of authorship because, among other reasons, the toast is a part of an oral tradition that has purportedly been passed down for generations, Defendant did not author or otherwise create the toast, and any rights in the "Hobo Ben" toast have never been assigned by anyone to Defendant.

34. While there may be elements of the SMP song that mirror the words of the "Hobo Ben" toast, the SMP song itself is an original work of authorship and creativity by Plaintiffs. The "Hobo Ben" toast as transcribed in Defendant's book and subsequent recordings, however, is not an original work of authorship created by Defendant. Moreover, Plaintiffs did not sample any sound material from Defendant's recordings of the "Hobo Ben" toast.

35. Even if the "Hobo Ben" toast was protectable by copyright in its form as passed down through generations, or as copied by Defendant (it is not in either case), Defendant has not registered the "Hobo Ben" toast itself or any elements or portions thereof for copyright protection pursuant to the copyright statute.

36. Further, Defendant does not own any intellectual property rights in the "Hobo Ben" toast that he reproduced in his book and recordings because, upon information and belief, there was no signed writing pursuant to 17 U.S.C. § 204 transferring copyright ownership from the author of the "Hobo Ben" toast, whoever that might be, to Defendant. In short, Defendant simply lacks any ownership in the content of "Hobo Ben" and is attempting to misappropriate a work created by others.

37. Even if Defendant had valid copyright registrations for the "Hobo Ben" toast (he does not), Plaintiffs' accused conduct does not infringe any of the exclusive rights afforded to a copyright owner under 17 U.S.C. § 106.

38. Pursuant to the foregoing, Plaintiffs are entitled to a judicial declaration of noninfringement for any purported copyrights in the "Hobo Ben" toast to preserve their rights, defend their good names, and protect their business and business relationships. Defendant's attempt to profit on a work he never authored should be rejected.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

A. For a judicial determination that the alleged copyright(s) asserted by Defendant in the "Hobo Ben" toast are invalid and unenforceable;

B. For a judicial determination and declaration that Plaintiffs have not infringed any purported copyright(s) belonging to Defendant;

C. For damages;

D. For reasonable attorneys' fees and costs incurred in this suit as allowed by law; and

E. For such other relief as the Court deems just and proper.

Dated: October 21, 2022					Respectfully submitted,

 /s/ *Wayne F. Dennison*
Wayne F. Dennison
Benjamin G. Chew *(pro hac vice to be filed)*
Peter J. Willsey *(pro hac vice to be filed)*
Camille M. Vasquez *(pro hac vice to be filed)*
Vincent J. Badolato *(pro hac vice to be filed)*
Stephanie P. Calnan *(pro hac vice to be filed)*
wdennison@brownrudnick.com
bchew@brownrudnick.com
pwillsey@brownrudnick.com
cvasquez@brownrudnick.com
vbadolato@brownrudnick.com
scalnan@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW, Suite 600
Washington, D.C.  20005
Tel.: (202) 536.1700
Fax: (202) 536.1701

and

7 Times Square
New York, NY 10036
Tel: (212) 209.4800
Fax: (212) 209.4801

*Attorneys for Plaintiffs John C. Depp II, Jeff Beck, and Deuce Music Ltd.*